IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY J. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:16-cv-00542-RAH-JTA |
| | ) | (WO) |
| AUTO-OWNERS INSURANCE | ) | |
| COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On August 17, 2020, this Court issued a lengthy opinion (*see* Doc. 145) addressing the parties' respective summary judgment motions. One of the principal issues argued by the parties, and which this Court amply addressed in its opinion, was the applicable standard governing Plaintiff Timothy J. Thomas' (Thomas) third-party bad faith failure-to-settle claim against Defendant Auto-Owners Insurance Company (Auto-Owners). Citing at least five decisions issued by Alabama state and federal courts, Thomas argued for application of the "totality of the circumstances" standard while Auto-Owners, citing one sentence in one case, argued for application of an "arguable reason" standard similar to that used in first-party bad faith cases. This Court, after reviewing these cases and hearing oral argument, concluded that the totality of the circumstances standard was the appropriate standard to apply.

1

Undeterred by this Court's decision and the holdings of numerous courts before it, on September 3, 2020, Auto-Owners filed a *Motion to Partially Reconsider And/Or To Certify A Question of Alabama Law* ("Motion"). (*See* Doc. 149.)  In its Motion, Auto-Owners argues that the Court should "re-examine" its summary judgment decision concerning the permissive user issue.  Secondly, Auto-Owners requests the Court to certify the following question to the Alabama Supreme Court: "Does Alabama recognize a common law right of action in tort against a liability insurer for bad faith failure to settle a third-party claim against its insured?  And if so, what are the elements (and defenses)?" (Doc. 149 at 1.)  As to both requests, Auto-Owners' Motion is due to be denied.

## I.     The Request to Reconsider

As to the permissive user issue, the Court previously addressed this issue in depth in its summary judgment opinion, specifically noting that "[s]ince defense and indemnity are no longer issues in the underlying case, neither are policy provisions such as permissive use and cooperation."  (Doc. 145 at 45.)  In its Motion, Auto-Owners, without citing any precedent, argues that the Court "missed the point that Thomas' theft of the truck (entitling him to no insurance protection) is directly tied to the bad faith issue" and that Auto-Owners seeks "a declaration under Alabama law that Thomas cannot show a matter-of-law entitlement to contract coverage, which is a baseline requirement for his bringing a bad faith claim." (Doc. 149 at 4-

5.)

"A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Gipson v. Mattox*, 511 F.Supp.2d 1182, 1185 (S.D. Ala. 2007) (internal quotes omitted).

> Motions to reconsider serve a valuable but limited function. They do not exist to permit losing parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted. They do not, in short, serve to relieve a party of the consequences of its original, limited presentation.

*Nelson v. Whirlpool Corp.*, 668 F.Supp.2d 1368, 1379 (S.D. Ala. 2009) (internal quotes omitted).

Here, Auto-Owners does not argue for an intervening change in controlling law or the availability of new evidence. Instead, although not abundantly clear, Auto-Owners argues there was clear error or manifest injustice. The Motion clearly does not meet that standard.

First and foremost, the bad faith standard advocated by Auto-Owners involves a question of law, yet Auto-Owners fails to cite a single case, Alabama or otherwise, that supports its position that the Court clearly erred in how it resolved this issue. The only two cases cited by Auto-Owners involve *first party* bad faith failure to pay a direct claim, which in Alabama is an entirely different claim and concept from a bad faith failure to settle a third party liability claim against an insured. This case is

a third party bad faith case, and therefore the two cases cited by Auto-Owners provide no guidance to the issue at hand.

Moreover, the instant case does not involve an insurance carrier's refusal to settle the underlying case because of a coverage issue involving permissive use of the insured vehicle. If the reason that Auto-Owners refused to settle the claims against Thomas was because Auto-Owners believed that Thomas was not a permissive user under the insurance policy, then Thomas' permissive use of the vehicle has a significant degree of relevance under the totality of the circumstances standard. But that is not the set of facts presented here. Here, Auto-Owners claims its refusal to settle the underlying liability claims was based, not on coverage issues, but instead on settlement and verdict valuations. It is that which is on trial, not coverage.

Finally, the Court notes an inconsistency in Auto-Owners' argument. While acknowledging that the negligent failure-to-settle claim should be tried to a jury under the totality of the circumstances standard, Auto-Owners does not argue that the permissive user coverage issue should stand as a defense to that claim. If coverage under the insurance policy could negate a bad faith failure-to-settle claim under the totality of the circumstances standard as Auto-Owners currently argues, then should not that same coverage issue constitute a defense to a negligent failure-to-settle claim? Interestingly, Auto-Owners does not make such an argument. For

the same reasons that the coverage issue has no bearing on the claim for negligent failure to settle, it equally has no bearing on a bad faith claim that is subject to the same totality of the circumstances inquiry. Simply put, Auto-Owners has not shown clear error or manifest injustice and therefore Auto-Owner's Motion, to the extent it requests the Court to re-examine the permissive user coverage issue, is due to be denied.

## II.     Certification Issue

In the alternative, Auto-Owners asks the Court to certify the following question to the Alabama Supreme Court: "Does Alabama recognize a common law right of action in tort against a liability insurer for bad faith failure to settle a third-party claim against its insured? And if so, what are the elements (and defenses)?" (Doc. 149 at 1-2.) In support of this request, Auto-Owners states that "this legal question is one on which there is no controlling Alabama Supreme Court precedent" and that the Alabama Supreme Court "has talked about a possible cause of action . . . but it has never had occasion to consider and formally recognize such a cause of action." (Doc. 149 at 2.)

Rule 18 of the Alabama Rules of Appellate Procedure permits federal courts sitting in diversity to certify to the Alabama Supreme Court questions of Alabama law for which "there are no clear controlling precedents." Ala. R. App. P. 18. But where "existing Alabama law is sufficient to guide the [certifying] court," the

Alabama Supreme Court will decline to answer the question. *Heatherwood Holdings, LLC v. First Commercial Bank*, 61 So. 3d 1012, 1026 (Ala. 2010); *see also Stewart Title Guar. Co. v. Shelby Realty Holdings, LLC,* 83 So. 3d 469, 472 (Ala. 2011) (noting that the Alabama Supreme Court cannot answer a certified question that "treads no new ground under Alabama law").

With this guidepost, it is clear that Auto-Owners' request for certification is due to be denied. First, contrary to Auto-Owners' suggestion, the Alabama Supreme Court has recognized a cause of action for third-party bad faith failure to settle. *See, e.g., Waters v. American Casualty Co. of Reading, Pa.*, 73 So. 2d 524, 529 (Ala. 1954) (holding that whether an insurance company acted in bad faith in the exercise of its settlement authority depends upon "all the facts and circumstances"). Thus, the Court sees no reason to certify a question for which there already is an answer.

The Court also finds Auto-Owners' claimed confusion as to elements and burdens of proof unavailing and lacking justification to certify the requested question. Once again, the Court points the parties to the Alabama Supreme Court decisions in *Waters*, 73 So. 2d at 529, *Hartford Accident & Indemnity Co. v. Cosby*, 173 So. 2d 585 (Ala. 1965), and *State Farm Mutual Automobile Insurance Co. v. Hollis*, 554 So. 2d 387 (Ala. 1989), and Alabama federal district court decisions in *Franklin v. National General Assurance Co*., No. 2:13-CV-103-WKW, 2015 WL 350633 (M.D. Ala. Jan. 23, 2015), and *Leo v. Alfa Mutual Insurance Co*., No. 13-

CV-1826-VEH, 2016 WL 1180108 (N.D. Ala. Mar. 28, 2016), for guidance.  The Court is confident that, with the assistance of counsel, it will be able to craft jury charges properly reflective of Alabama law.

Moreover, the Court will not embark on uncharted territory in this endeavor as Alabama is not alone in following the totality of the circumstances standard in considering a third-party bad faith failure-to-settle claim.  Indeed, many other states apply this same standard, and many of them have published charges.  *See, e.g., Harris v. Government Employees Insurance Co.*, Case No. 3:12-cv-554-J-JRK, 2015 WL 12696100 (M.D. Fla. Feb. 25, 2015) (discussing Fla. Standard Jury Instruction 404.4 and the tort of bad faith failure to settle a third party liability claim); N.Y. Pattern Jury Instr.-Civil 4:67.

The starting point will be easy and straightforward:  Did Auto-Owners have an opportunity to settle the underlying case against its insured within policy limits? Did Auto-Owners fail to settle the case against its insured within policy limits? Was there a verdict against its insured in excess of policy limits?  Did Auto-Owners fail to pay or satisfy the excess verdict against its insured?  And most importantly, was Auto-Owners' failure to settle the case against its insured within policy limits in bad faith based on the totality of the circumstances?  From there, the totality of the circumstances inquiry can and will include any number of case specific factors, many of which were set forth by the Court in its summary judgment opinion.  Those

factors will be relevant to the issue of whether Auto-Owners acted in good faith, as a prudent insurance company, or negligently or in bad faith toward its insured in making the settlement decisions on behalf of its insured.  The concept of bad faith is not a new issue in Alabama and is easily one that can be defined to the jury at the appropriate time.

### III.   Conclusion

Accordingly, for the reasons stated herein, Defendant Auto-Owners Insurance Company's Motion (Doc. 149) is due to be and is hereby DENIED.

DONE, this 25th day of September, 2020.

                                                /s/ R. Austin Huffaker, Jr.
                                    R. AUSTIN HUFFAKER, JR.
                                    UNITED STATES DISTRICT JUDGE